IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARTHUR L. DINGLE | § | |
| VS. | § | CIVIL ACTION NO. 1:24-cv-174 |
| PORT ARTHUR POLICE DEPARTMENT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Marthur L. Dingle, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Port Arthur Police Department.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff states he was arrested on April 1, 2024 and taken into custody on a charge of Burglary of a Habitation. Plaintiff claims he was wrongfully arrested by the Port Arthur Police Department. Plaintiff seeks dismissal of the charge pending against him and compensation for lost wages and mental anguish as a result of his alleged wrongful arrest.

Analysis

*Jural Authority*

Plaintiff has named the Port Arthur Police Department as the Defendant in this action. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The capacity of an entity to sue or to be sued is "determined by the law of the state where the district court is located." FED. R. CIV. P. 17(b). Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Darby*, 939 F.2d at 313;

*Howe v. Polunsky Unit*, No. 9:08cv142, 2010 WL 5640804 at *9 (E.D. Tex. Nov. 30, 2010), *R&R adopted*, No. 9:08cv142, 2011 WL 245566 (E.D. Tex. Jan. 22, 2011) (holding the Polunsky Unit of the TDCJ has no independent legal existence and cannot be sued in its own name); *Pantoja v. Dallas County Jail*, No. 3:01cv1620, 2001 WL 1343437 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail, nor its medical staff and medical department are separate legal entities subject to suit).

The plaintiff has the burden of showing that the unit or department has the capacity to be sued. *Darby*, 939 F.2d at 314. Plaintiff, however, has failed to allege or demonstrate that the Defendant in this action is a separate legal entity having jural authority with the capacity to be sued. Accordingly, Plaintiff's claims should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. Alternatively, Plaintiff's complaint, interpreted liberally, is construed as a claim against the city of Port Arthur. For the reasons set forth below, however, Plaintiff's claims are without merit even if asserted against the city of Port Arthur, Texas.

*Municipal Liability*

Plaintiff named the Port Arthur Police Department as the Defendant in this lawsuit. Liberally construing Plaintiff's complaint to assert a cause of action against the city of Port Arthur, Plaintiff's claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a constitutionally or federally protected right, privilege or immunity by a person acting under color of state law. Traditionally, municipalities, such as the city of Port Arthur, were not considered to be "persons" acting under color of state law. *See Monroe v. Pape,* 365 U.S. 167 (1961). However, in *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978), the Supreme Court held that municipalities could be held liable for monetary, declaratory, and injunctive relief in § 1983 proceedings so long as the action that is alleged to be unconstitutional implements or executes an official municipal policy. Such a policy may include "a persistent, widespread

2

practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). However, "[i]solated violations are not the persistent, often repeated constant violations that constitute custom and policy" as required for municipal Section 1983 liability. *Bennett v. City of Sidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985).

A governmental unit cannot be held liable for the acts of its employees solely on a theory of respondeat superior. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). A municipality can be found liable under Section 1983 only for a deprivation of a federally protected constitutional or statutory right that is inflicted pursuant to "official policy or custom." *Monell*, 436 U.S. at 690-91. Plaintiff's complaint is absent any allegation that the actions complained of were taken pursuant to official policy. Accordingly, Plaintiff's claims against the city of Port Arthur should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

## Recommendation

Plaintiff's complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

3

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 17th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE